UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
IN RE:

**HACHAN CHOWDHURY**

CASE NO.: __-_____ (___)
**CHAPTER 13 PLAN**
Effective 12/01/2024

DEBTOR(S)

--------------------------------------------------------------X

☐ Check this box if this is an amended plan.  List below the sections of the plan which have been changed:
_____

## PART 1: NOTICES

**Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district.  Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable.  If you do not have an attorney, you may wish to consult one.

**Creditors:** Your rights may be affected by this plan.  Your claim may be reduced, modified, or eliminated.  You should read this plan carefully and discuss it with your attorney.  If you do not have an attorney, you may wish to consult one.  If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.  In addition, you may need to file a timely proof of claim to be paid under any plan.

**General:** Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below.

*1.1: The following matters may be of particular importance. Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included," or if both or neither box is checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| c. | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

**1.2:  The following matters are for informational purposes.**

| | | | |
|---|---|---|---|
| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3. | ☒ Included | ☐ Not included |
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim. | ☒ Included | ☐ Not included |

## PART 2:  PLAN PAYMENTS AND LENGTH OF PLAN

**2.1:  The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of months as follows:**

| Payment Amount | Commencing (Month and Year) | Ending (Month and Year) | Number of Months |
|---|---|---|---|
| | | | |

| $1,000.00 | 08/2026 | 07/2029 | 36 |
|---|---|---|---|
|  |  |  |  |

## 2.2: Income tax refunds.

If general unsecured creditors are paid less than 100%, in addition to the regular monthly payments, during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year _____, no later than April 15th of the year following the tax period. Indicated tax refunds are to be paid to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed. [Not applicable — this Plan provides for 100% distribution to general unsecured creditors.]

## 2.3 Irregular Payments.

**A.** *Check one.*

☒ None. If "None" is checked, the rest of §2.3 need not be completed and may be omitted.

☐ Debtor(s) will make irregular payment(s) to the Trustee from other sources, as specified below:

**B.** In the event the Debtor(s) are required to make additional monetary contributions to meet their obligations under the confirmed plan, prior to the expiration of the Plan, the Debtor(s) shall be permitted to remit up to $2,500.00 to the Trustee as an additional payment to cure this defect without leave of the Court.

## PART 3:  TREATMENT OF SECURED CLAIMS

**3.1:  Maintenance of payments (including the debtor(s)'s principal residence).**  *Check one.*

☒ None. If "None" is checked, the rest of §3.1 need not be completed and may be omitted. (The mortgage asserted against the debtor's residence is disputed; see Part 8.)

**3.2:  Cure of default (including the debtor(s)'s principal residence).**  *Check one.*

☒ None. If "None" is checked, the rest of §3.2 need not be completed and may be omitted.

**3.3: Modification of a mortgage secured by the debtor(s)'s principal residence.**  *Check one.*

☐ None. If "None" is checked, the rest of §3.3 need not be completed and may be omitted.

☒ The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence.

☐ If applicable, the debtor(s) will be requesting loss mitigation pursuant to Administrative Order #744.

| Name of Creditor | Property Address | Last 4 Digits of Account Number | Estimated Mortgage Payment* |
|---|---|---|---|
| Daja Sales Corp. et al. (disputed) | 1985 Powell Avenue, Bronx NY 10472 |  | See Non-Standard Provisions (Part 8) |

* The Debtor anticipates the new principal balance, including capitalized arrears will be $ N/A, and will be paid at ___% interest amortized over ___ years with an estimated monthly payment of $ N/A including interest and escrow. The validity, extent, priority, and enforceability of the asserted mortgage are disputed and are the subject of an adversary proceeding; treatment of the asserted mortgage pending and following adjudication is set forth in Part 8.

**3.4:  Request for valuation of security, modification of under-secured claims, and lien avoidance.**  *Check one.*

☒ None. If "None" is checked, the rest of §3.4 need not be completed and may be omitted.

**3.5: Secured claims on real or personal property to be paid in full through disbursements by the Trustee including claims described in the final paragraph of 11 U.S.C. §1325(a).**

☒ None. If "None" is checked, the rest of §3.5 need not be completed and may be omitted.

**3.6:  Surrender of collateral.**  *Check one.*

☒ None. If "None" is checked, the rest of §3.6 need not be completed and may be omitted.

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

**4.1: General.**  Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

**4.2:  Trustee's fees.**  Trustee's fees are governed by statute and may change during the course of the case.

**4.3: Attorney's fees.**  The balance of the fees owed to the attorney for the debtor(s) is $ TBD (subject to application under 11 U.S.C. §§ 329–330).

**4.4:  Priority claims other than attorney's fees and those treated in §4.5.**  *Check One.*
☒ None.  If "None" is checked, the rest of §4.4 need not be completed and may be omitted.

**4.5:  Domestic support obligations.**  *Check One.*
☒ None.  If "None" is checked, the rest of §4.5 need not be completed and may be omitted.

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:
☐ Not less than the sum of $_____.
☒ Not less than 100% of the total amount of these claims.
☐ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.
**If more than one option is checked, the option providing the largest payment will be effective.

## PART 6:  EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1:  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**  *Check one.*
☒ None.  If "None" is checked, the rest of §6.1 need not be completed and may be omitted.

## PART 7:  MISCELLANEOUS

**7.1:** Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

**7.2:** Post-petition payments including but not limited to mortgage payments, vehicle payments, real estate taxes, income taxes, and domestic support obligations are to be made directly by the Debtor(s) unless otherwise provided for in the plan.

**7.3:** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 8:  NONSTANDARD PLAN PROVISIONS

**Check "None" or list nonstandard plan provisions.**
☐ None.  If "None" is checked, the rest of §8 need not be completed and may be omitted.
*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the form plan or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "included" in §1.1(c).**

**8.1  Disputed mortgage; adversary proceeding.**  The Debtor is the victim of a predatory and fraudulent lending and property-flipping scheme. The Debtor disputes the validity, extent, priority, and enforceability of the mortgage and all claims asserted against the Debtor's residence at 1985 Powell Avenue, Bronx, New York 10472, by Daja Sales Corp., N. Side Metro Inc., Michael Sussman, Lawrence M. Wilens, Lawrence Mascera, Leslie Granoff, Michael Roberts, and Phillip Grossman, and each of their fractional assignees, agents, and successors (collectively, the "Asserted Mortgagees"). The Debtor holds claims under the Truth in Lending Act (TILA), the Home Ownership and Equity Protection Act (HOEPA), the Real Estate Settlement Procedures Act (RESPA), the Racketeer Influenced and Corrupt Organizations Act (RICO), and New York usury, consumer-protection, and

common law, against the seller, the lenders, and their co-conspirators. The Debtor will commence an adversary proceeding against the Asserted Mortgagees and co-conspirators (the "Adversary Proceeding") within sixty (60) days of the petition date.

**8.2  Plan payments pending adjudication.**  Pending final adjudication of the Adversary Proceeding, the Debtor shall pay $1,000.00 per month to the Chapter 13 Trustee in accordance with §2.1 of this Plan.

**8.3  Adequate protection payments.**  Pending final adjudication of the Adversary Proceeding, and unless otherwise ordered by the Court, the Debtor shall pay the sum of $2,000.00 per month as adequate protection on account of the disputed mortgage asserted against 1985 Powell Avenue, Bronx, New York, commencing with the first full calendar month following the petition date, payable to counsel of record for the Asserted Mortgagees, to be held and applied subject to further order of the Court.

**8.4  Reservation of rights; no admission.**  All adequate protection payments are made without prejudice to, and without waiver of, any of the Debtor's claims, defenses, or rights of recoupment or setoff. Neither the making nor the acceptance of any adequate protection payment shall constitute an admission of the validity, extent, priority, amount, or enforceability of any lien or claim of the Asserted Mortgagees, nor a waiver of any objection thereto. Upon final adjudication of the Adversary Proceeding, all adequate protection payments shall be applied, recharacterized, credited, offset, disgorged, or refunded as the Court may direct.

**8.5  No preclusive effect; plan amendment.**  Neither this Plan nor the order confirming it shall have res judicata, collateral estoppel, or waiver effect with respect to any claim, defense, or cause of action asserted or assertable in the Adversary Proceeding, and confirmation shall be without prejudice thereto notwithstanding 11 U.S.C. §1327. Within thirty (30) days after entry of a final order in the Adversary Proceeding, the Debtor shall amend this Plan and, as needed, the schedules to conform to that adjudication, including any resulting treatment, cure, payment, avoidance, or disallowance of the disputed claims.

**8.6  Claims objections.**  The Debtor reserves the right to object to any proof of claim, and the pendency of confirmation shall not shorten or enlarge any deadline to object to claims.

## PART 9:  CERTIFICATION AND SIGNATURE(S):

I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.


/s/ Hachan Chowdhury                                 _____
Signature of Debtor 1                               Signature of Debtor 2
Dated: July 11, 2026                                Dated: _____

/s/ Karamvir Dahiya
Signature of Attorney for Debtor(s)
Karamvir Dahiya, Dahiya Law Offices LLC, 111 John Street, Suite 1860, New York, NY 10038
Dated: July 11, 2026